# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

AMAL TALIB, individually and as a
representative of all others similarly situated,

  Plaintiff,

v.

AT HOME GROUP INC., AT HOME
STORES LLC, and AT HOME
PROCUREMENT INC.,

  Defendants.

Civil No. 1:23-cv-06807
District Judge: Jeffrey I. Cummings
Magistrate Judge: Sheila M. Finnegan

**MOTION OF DEFENDANTS AT HOME GROUP INC., AT HOME STORES LLC, AND
AT HOME PROCUREMENT INC. TO DISMISS PLAINTIFF'S FIRST AMENDED
<u>CLASS ACTION COMPLAINT & MEMORANDUM OF LAW</u>**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ALLEGATIONS OF THE COMPLAINT ....................................................................... 1

    A.    At Home's Luxury Sheets ............................................................................ 1

    B.    Plaintiff's Purchases .................................................................................... 2

    C.    Plaintiff's Claims ........................................................................................ 3

LEGAL STANDARD ...................................................................................................... 4

ARGUMENT ................................................................................................................... 5

I.      Plaintiff's Claims Regarding Sheets She Did Not Purchase Should Be
Dismissed. ............................................................................................................. 5

II.     Plaintiff Does Not Allege Sufficient Facts to Support Her Conclusory
Allegation That the Bed Sheets Have an Inflated Thread Count. ........................ 7

III.    Plaintiff Does Not Sufficiently Allege Actual Damages. .................................... 9

IV.   Plaintiff's Unjust Enrichment Claim Fails Along with Her Fraud Claims. ...................... 12

V.     Plaintiff Fails to State a Claim for Breach of Express Warranty. ..................... 12

VI.   Plaintiff's Request for Injunctive Relief Should Be Denied. ............................. 13

CONCLUSION .............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adam v. AQ Textiles LLC*,
   2021 WL 3475677 (M.D.N.C. Aug. 6, 2021) ..................................................................10, 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................4

*Bakopoulos v. Mars Petcare US, Inc.*,
   2021 WL 2915215 (N.D. Ill. July 12, 2021) ...........................................................................5, 7

*Beckman v. Arizona Canning Co., LLC*,
   2017 WL 4227043 (S.D. Cal. Sept. 21, 2017) ..........................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................4

*Benson v. Fannie May Confections Brands, Inc.*,
   944 F.3d 639 (7th Cir. 2019) ..................................................................................................4, 7

*Biesterfeld v. Ariosa Diagnostics, Inc.*,
   2022 WL 972281 (N.D. Ill. Mar. 31, 2022) ..............................................................................10

*Bilodeau v. McAfee, Inc.*,
   2013 WL 3200658 (N.D. Cal. June 24, 2013) ...........................................................................9

*Calderon v. Procter & Gamble Co.*,
   --- F. Supp. 3d ---, 2023 WL 3627797 (N.D. Ill. May 24, 2023) ............................................13

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
   761 F.3d 732 (7th Cir. 2014) ..................................................................................................4, 13

*Cowen v. Lenny & Larry's, Inc.*,
   2017 WL 4572201 (N.D. Ill. Oct. 12, 2017) .............................................................................5

*Dickman v. Rosado*,
   2019 WL 3728698 (N.D. Ill. Aug. 1, 2019) ..............................................................................4

*Doe v. Columbia Coll. Chi.*,
   933 F.3d 849 (7th Cir. 2019) ....................................................................................................4

*Dolch v. Linen Source Inc.*,
   2008 WL 11336301 (M.D. Fla. Jan. 3, 2008) ...........................................................................8

*Forsher v. J.M. Smucker Co.*,
    612 F. Supp. 3d 714 (N.D. Ohio 2020)........................................................................6

*Hawes v. Macy's Stores W. Inc.*,
    2022 WL 815298 (S.D. Ohio Mar. 16, 2022) ...........................................................13

*Hawkins v. Coca-Cola Co.*,
    654 F. Supp. 3d 290 (S.D.N.Y. 2023).......................................................................8

*Hill v. AQ Textiles LLC*,
    2021 WL 1026740 (M.D.N.C. Mar. 17, 2021) .....................................................8, 11

*Hytera Commc'ns Corp. Ltd. v. Motorola Sols., Inc.*,
    623 F. Supp. 3d 857 (N.D. Ill. 2022) ........................................................................4

*Ibarolla v. Nutrex Rsch., Inc.*,
    2012 WL 5381236 (N.D. Ill. Oct. 31, 2012).........................................................6, 12

*Jackson v. Dole Packaged Foods, LLC*,
    648 F. Supp. 3d 1039 (S.D. Ill. 2022).......................................................................7

*James v. City of Evanston*,
    2021 WL 4459508 (N.D. Ill. Sept. 29, 2021) ...........................................................1

*Karlinski v. Costco Wholesale Corp.*,
    616 F. Supp. 3d 753 (N.D. Ill. 2022) ......................................................................12

*Lemus v. Rite Aid Corp.*,
    613 F. Supp. 3d 1269 (C.D. Cal. 2022) ....................................................................9

*Martin v. Living Essentials, LLC*,
    160 F. Supp. 3d 1042 (N.D. Ill. 2016) ......................................................................1

*Mashallah, Inc. v. W. Bend Mut. Ins. Co.*,
    20 F.4th 311 (7th Cir. 2021) ....................................................................................9

*Media Bank, LLC v. SCOTTeVEST, Inc.*,
    2020 WL 6825691 (N.D. Ill. Nov. 20, 2020) ...........................................................4

*Moorman Mfg. Co. v. Nat'l Tank Co.*,
    435 N.E.2d 443 (Ill. 1982)......................................................................................12

*Muir v. NBTY, Inc.*,
    2016 WL 5234596 (N.D. Ill. Sept. 22, 2016) .......................................................6, 13

*O'Connor v. Ford Motor Co.*,
    477 F. Supp. 3d 705 (N.D. Ill. 2020) .....................................................................4, 7

*Ratkovich ex rel. Ratkovich v. Smithkline,*
    711 F. Supp. 436 (N.D. Ill. 1989) ........................................................................13

*Rice v. Dreyer's Grand Ice Cream, Inc.*,
    624 F. Supp. 3d 922 (N.D. Ill. 2022) .......................................................................7

*Solo v. Bed Bath & Beyond, Inc.*,
    2007 WL 1237825 (D.N.J. Apr. 26, 2007) .............................................................12

*Swanson v. Citibank, N.A.*,
    614 F.3d 400 (7th Cir. 2010) ...................................................................................9

*United Lab'ys, Inc. v. Savaiano,*
    2008 WL 148964 (N.D. Ill. Jan. 7, 2008) ...............................................................9

*Willard v. Tropicana Mfg. Co., Inc.*,
    577 F. Supp. 3d 814 (N.D. Ill. 2021) ...................................................................5, 7

**Statutes**

Ill. Comp. Stat. Ann. 5/2-607 ...........................................................................................12

iv

## INTRODUCTION

Plaintiff's First Amended Complaint ("FAC"), like its predecessor, bases the viability of this entire lawsuit on a handful of conclusory allegations that "expert testing" has purportedly shown that At Home's "Luxury Sheets" bed sheets have a thread count that is "less than half" of the advertised 1,000 thread count. Even though At Home identified the deficiency of these allegations in its original Motion to Dismiss, *see* ECF No. 20, the FAC still fails to allege specific facts to support plausible claims that At Home mispresented the thread count of these sheets. Plaintiff does not allege which sheets she tested, who tested them and when, how the testing was performed, or what specifically the results showed. Plaintiff's failure to allege these facts is dispositive of all of her claims under Rules 12(b)(6) and 9(b). In addition, Plaintiff lacks standing to assert claims regarding the several varieties of Luxury Sheets bed sheets that she did not purchase, requiring dismissal of those claims under Rule 12(b)(1). For these and the additional reasons discussed below, the FAC should be dismissed with prejudice.

## ALLEGATIONS OF THE COMPLAINT

### A. At Home's Luxury Sheets

Plaintiff alleges that retailer At Home sells "Luxury Sheets" bed sheets that are labeled as having a thread count of 1,000. *See* FAC ¶ 3, ECF No. 23. These sheets are available in two sizes (queen and king) and multiple colors. *See id.* ¶¶ 3, 22.[1]

According to Plaintiff, "consumers will believe that the 1,000 thread count sheets are of a higher quality than lower thread count sheet sets." *Id.* ¶ 6. Because consumers may use the sheet

---

[1] *See also* At Home, *Search Results for "1000 Thread Count Sheets*," https://www.athome.com/ search/?q=1000+thread+count+luxury+sheets&lang=default&start=0&sz=18 (last visited Jan. 5, 2024). "The Court may take judicial notice of the contents of a website." *Martin v. Living Essentials, LLC*, 160 F. Supp. 3d 1042, 1047 n.5 (N.D. Ill. 2016). The Court may also consider At Home's website as it is incorporated by reference in the Complaint. *See* FAC ¶¶ 7 n.9, 22 n.15; *James v. City of Evanston*, 2021 WL 4459508, at *7 n.3 (N.D. Ill. Sept. 29, 2021).

thread count "as a primary indicator of their quality, durability, and softness," Plaintiff alleges that consumers "pay higher prices for those with higher thread counts." *Id.* ¶ 8. Several sources cited in the Complaint, however, state that "honestly, thread count isn't the most important thing to consider," and that sheets with "thread counts ranging from 200 to 600" may have a better quality than sheets with higher thread counts. Jackie Reeve, *What Is a Good Thread Count for Sheets?*, N.Y. Times (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/good-thread-count-for-sheets/ (cited in FAC ¶ 6 n.8); *see also* Elisabeth Leamy, *False Thread Counts, and Other Things to Watch out for When Buying Sheets*, Wash. Post (Aug. 1, 2017), https://www.washingtonpost.com/lifestyle/home/false-thread-counts-and-other-things-to-watch-out-for-when-buying-sheets/2017/07/31/c090baea-6d58-11e7-b9e2-2056e768a7e5_story.html (cited in FAC ¶ 27) (reporting that "thread count is just one factor to consider," and that "higher is not always better").[2]

### B.     Plaintiff's Purchases

Plaintiff Amal Talib is an Illinois citizen who "purchased At Home's Luxury Sheets (King size)" for "approximately $59.00 or $69.00" from an At Home location in Crestwood, Illinois. FAC ¶ 53. Plaintiff alleges that she purchased the Luxury Sheets "based on At Home's representation of its thread count as 1000," and that she "would not have purchased the sheets, or alternatively would not have paid a premium for them, had At Home not made this misrepresentation." *Id.* ¶ 13. Plaintiff does not allege which particular color of Luxury Sheets she purchased.

---

[2] The Court may consider these online articles, which are also incorporated by reference into the Complaint. *See supra* n.1.

According to Plaintiff, "[e]xpert testing of At Home's Luxury Sheets pursuant to the ASTM D3775-17 standard has revealed that the actual thread count of the Luxury Sheets was lower than half of the 1,000 thread count warranted and represented on the Products' packaging and labeling." *Id.* ¶ 47. But Plaintiff does not identify which products she tested, how the testing was performed to comply with ASTM D3775, or what specifically the testing showed. Instead, she continues to refer to a 2005 opinion letter from the Federal Trade Commission ("FTC") stating that it may be "deceptive" to "stat[e] an inflated thread count" for bed sheets, and that it is important to "us[e] and rely[] upon industry accepted methodologies for determining the applicable thread count." *Id.* ¶¶ 39–40. Plaintiff also cites to a since-rescinded 2017 general exclusion order from the International Trade Commission ("ITC") prohibiting "the entry of certain woven textile fabrics and products containing same that are falsely advertised through a misrepresentation of thread count." *Id.* ¶¶ 42–43. Plaintiff does not allege that either the 2005 FTC letter or the 2017 ITC order applied to At Home's Luxury Sheets.

### C. Plaintiff's Claims

Plaintiff brings claims for misrepresentations and omissions under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), *see id.* ¶¶ 67–86, unfairness under ICFA, *see id.* ¶¶ 87–112, breach of express warranty under Illinois law, *see id.* ¶¶ 113–28, common law fraud, *see id.* ¶¶ 129–36, negligent misrepresentation, *see id.* ¶¶ 137–44, and unjust enrichment, *see id.* ¶¶ 145–55. Plaintiff seeks certification of a class of "[a]ll persons in the United States who, within the applicable statute of limitations . . . purchased Luxury Sheets from [At Home] in an At Home store located in the United States." *Id.* ¶ 58. She also seeks to certify a similar subclass of Illinois-based consumers. *See id.* ¶¶ 59–60.

**LEGAL STANDARD**

"To survive a motion to dismiss" pursuant to Rule 12(b)(6), "the complaint must state a claim for relief that is plausible on its face." *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (quotation omitted). A plaintiff is required to "plead particularized factual content, not conclusory allegations, that allows the court to plausibly infer the defendant is liable for the alleged misconduct." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court may dismiss a complaint with prejudice if the plaintiff has "repeated[ly] fail[ed] to cure their pleading deficiencies." *Dickman v. Rosado*, 2019 WL 3728698, at *3 (N.D. Ill. Aug. 1, 2019).

A party alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b)'s heightened pleading standard, Plaintiff "must plead the who, what, when, where, and how of the alleged fraudulent conduct, and explain why [a] statement or omission complained of was false and misleading." *Hytera Commc'ns Corp. Ltd. v. Motorola Sols., Inc.*, 623 F. Supp. 3d 857, 884 (N.D. Ill. 2022) (quotation omitted). With the exception of Plaintiff's express warranty claim, Plaintiff's claims sound in fraud and are subject to Rule 9(b). *See Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (Rule 9(b) applies to ICFA claim that rests on allegations of deceptive conduct); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (claim for "unfairness" under the ICFA is subject to Rule 9(b)); *Media Bank, LLC v. SCOTTeVEST, Inc.*, 2020 WL 6825691, at *8–9 (N.D. Ill. Nov. 20, 2020) (applying Rule 9(b) to negligent misrepresentation claims that sounded in fraud by "alleg[ing] intent to deceive, not carelessness"); *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 720 (N.D. Ill. 2020) ("When

4

an unjust enrichment claim sounds in fraud, Rule 9(b)'s particularity requirement applies."
(cleaned up)).

## ARGUMENT

### I. Plaintiff's Claims Regarding Sheets She Did Not Purchase Should Be Dismissed.

Plaintiff seeks to represent consumers who purchased *any* type of Luxury Sheets sold by
At Home regardless of color, including purchasers of queen-size sheets, *see* FAC ¶ 58, even
though Plaintiff did not purchase queen-size sheets and she does not identify what color sheets
she purchased. Whether viewed as a question of standing or the sufficiency of Plaintiff's
allegations, Plaintiff's claims regarding sheets she did not purchase should be dismissed.

*First*, courts routinely hold that plaintiffs lack Article III standing to bring claims based
on products they did not purchase, because they cannot show the requisite injury-in-fact
stemming from such products. *See Bakopoulos v. Mars Petcare US, Inc.*, 2021 WL 2915215, at
*3 (N.D. Ill. July 12, 2021) ("Plaintiffs have no injury-in-fact caused by products that they did
not buy, and therefore lack standing with respect to those products."); *Willard v. Tropicana Mfg.
Co., Inc.*, 577 F. Supp. 3d 814, 824 (N.D. Ill. 2021) ("Plaintiffs lack standing to assert claims
over any Products that they *did not* actually purchase." (emphasis in original)). In one case, for
example, plaintiffs brought claims regarding defendant's cookies that were "sold in two sizes and
eleven different varieties." *Cowen v. Lenny & Larry's, Inc.*, 2017 WL 4572201, at *1 (N.D. Ill.
Oct. 12, 2017). The court held that plaintiffs could not show they "suffered an injury in fact"
with respect to "products they did not purchase," and accordingly dismissed plaintiffs' claims as
to those products. *Id.* at *3. Application of that straightforward constitutional principle here
requires, at a minimum, dismissal of Plaintiff's claims regarding queen-size sheets, which
Plaintiff does not allege she purchased. Indeed, *all* of Plaintiff's claims should be dismissed
under Rule 12(b)(1) for lack of standing because the FAC still fails to allege which color sheets

Plaintiff purchased, and thus which specific product she purchased—even though At Home raised this very issue in its original Motion to Dismiss. *See* ECF No. 20, at 7–8.

*Second*, Plaintiff's failure to allege which color sheets she purchased also leaves her unable to state any claims under Rule 12(b)(6), including with the specificity required by Rule 9(b). Courts routinely dismiss cases on similar facts, because "[w]ithout specifying which product[s] [plaintiffs] actually purchased," the court "cannot determine what particular misrepresentations [p]laintiff[s] relied on." *Ibarolla v. Nutrex Rsch., Inc.*, 2012 WL 5381236, at *2 (N.D. Ill. Oct. 31, 2012); *see also Beckman v. Arizona Canning Co., LLC*, 2017 WL 4227043, at *5 (S.D. Cal. Sept. 21, 2017) (holding that plaintiffs' "complaint is subject to dismissal in its entirety" under Rule 9(b) for failing to identify "which bean products Plaintiffs purchased"); *Forsher v. J.M. Smucker Co.*, 612 F. Supp. 3d 714, 720 (N.D. Ohio 2020) (dismissing consumer protection claims under Rule 9(b) where plaintiff failed to identify which of three varieties of Jif Natural Peanut Butter Spread he purchased). Plaintiff also fails to state an express warranty claim, since At Home "could not have warranted the quality or chemistry of a product that Plaintiff never purchased or used." *Muir v. NBTY, Inc.*, 2016 WL 5234596, at *9 (N.D. Ill. Sept. 22, 2016).

Through new allegations in the FAC, Plaintiff now appears to point to a future argument that all the sheets are "substantially similar" and that the Court should accordingly defer this issue until class certification. *See, e.g.*, FAC ¶ 3 (alleging that "no matter the size, color, or pattern, all of the Luxury Sheets are made from a cotton and polyester blended fabric"). However, "[t]he majority of the courts in the Northern District of Illinois . . . have determined that class-action plaintiffs are prohibited from overcoming the requirements of Article III standing simply by arguing that non-purchased products are substantially similar to purchased

products." *Willard*, 577 F. Supp. 3d at 824; *see also Jackson v. Dole Packaged Foods, LLC*, 648 F. Supp. 3d 1039, 1044 (S.D. Ill. 2022) ("[T]his Court is unwilling to read into the 'case and controversy' requirement of Section 2 of Article III to the United States Constitution a 'substantially similar' exception so as to allow Plaintiff to maintain claims when she has no 'injury in fact' that are traceable to representations made on Fruit Bowls she did not purchase.").

## II.   Plaintiff Does Not Allege Sufficient Facts to Support Her Conclusory Allegation That the Bed Sheets Have an Inflated Thread Count.

All of Plaintiff's claims require at a minimum plausible allegations that At Home made a false or misleading representation that the Luxury Sheets have a thread count of 1,000.[3] But even though At Home raised this issue in its first Motion to Dismiss, the FAC *still* fails to plead specific facts that render plausible Plaintiff's threadbare allegation that "when measured in accordance with the industry standard, ASTM D3775-17, the thread count for the Luxury Sheets is less than half of the represented amount." FAC ¶ 46. While the FAC now alleges that *someone* tested the Luxury Sheets, *see id.* ¶ 47, Plaintiff does not allege who performed the tests, when and where the sheets were tested, which sheets were tested (and whose they were), how the testing was performed, or what specifically the test results showed. And Plaintiff still does not allege that any other entity has tested the sheets and found that the thread count is less than advertised. Plaintiff's conclusory allegations fall short of Rule 12(b)(6)'s plausibility standard, much less Rule 9(b)'s particularity requirement. In short, all of Plaintiff's causes of action should

---

[3] *See, e.g.*, *Benson*, 944 F.3d at 646 (claim under the ICFA requires allegation of a "a deceptive or unfair act with the intent that others rely on the deception"); *Bakopoulos*, 592 F. Supp. 3d at 765 ("To state a claim for breach of express warranty, [plaintiffs] must show that [defendant] breached an affirmation of fact or promise that was made a part of the basis of the bargain." (quotation omitted)); *Rice v. Dreyer's Grand Ice Cream, Inc.*, 624 F. Supp. 3d 922, 929 (N.D. Ill. 2022) (both fraud and negligent misrepresentation claims require alleging "a false statement of material fact"); *O'Connor*, 477 F. Supp. 3d at 720 (noting that unjust enrichment claims premised on the same factual allegations as fraud claims "stand or fall" with the fraud claims).

7

be dismissed because Plaintiff failed to allege this common element of those claims: that At Home made a false or misleading representation.

In this regard, the FAC is similar to other thread count complaints that courts have dismissed. For instance, one court dismissed plaintiffs' claims for failing "to plausibly allege that they have suffered an injury-in-fact" where "[p]laintiffs have provided no facts to support that the sheets in question contain fewer threads than what is displayed on the labels." *Hill v. AQ Textiles LLC*, 2021 WL 1026740, at *3 (M.D.N.C. Mar. 17, 2021).[4] The court observed that plaintiffs "fail to make any allegations as to the actual thread count of the sheets they purchased," which made it "unclear to the Court on what basis they rest their blanket allegations that the thread counts are inaccurate," and in turn "begs the question of how [p]laintiffs reached their conclusion that they had been injured." *Id.*; *see also Dolch v. Linen Source Inc.*, 2008 WL 11336301, at *1 (M.D. Fla. Jan. 3, 2008) (dismissing deceptive trade practices claim where plaintiff "allege[d] only that the defendant employed a different or distinctive method of counting threads," but "allege[d] nothing meaningful that identifies any actual and tangible defect or deficiency in the quality or performance of the product").

This reasoning is consistent with analogous cases where courts have held plaintiffs to their burden to plead *facts* that make it plausible that the challenged representations are false or misleading. *See, e.g.*, *Hawkins v. Coca-Cola Co.*, 654 F. Supp. 3d 290, 305 (S.D.N.Y. 2023) (dismissing plaintiff's "bare, unsubstantiated allegations about the *possibility* that the Product contains artificial DL-Malic acid" because plaintiff did not provide "any additional factual support from product testing" to support her claim (emphasis in original)); *Lemus v. Rite Aid*

---

[4] While the *Hill* court found those plaintiffs' failure to allege how they "reached their conclusion that they had been injured" required dismissal of their claims for lack of Article III standing, the court's reasoning is equally applicable in the Rule 12(b)(6) context. 2021 WL 1026740, at *3.

*Corp.*, 613 F. Supp. 3d 1269, 1279 (C.D. Cal. 2022) (dismissing claims that non-drowsy cough syrup causes drowsiness because plaintiffs failed to "provide[] evidence that the claim is false"); *Bilodeau v. McAfee, Inc.*, 2013 WL 3200658, at *9–10 (N.D. Cal. June 24, 2013) (dismissing fraud claims alleging that defendant falsely reported errors in plaintiff's computer, which were premised on plaintiff's "generic allegation" that an expert tested defendant's product and found it falsely reported errors, but plaintiff "fail[ed] to allege when the unidentified 'forensics expert' examined [the product]," did not identify "what errors the software allegedly reported," and "fail[ed] to link [the testing] to her personal experience with [the product]").

The 2005 FTC opinion letter, *see* FAC ¶¶ 39–41, and the 2017 ITC general exclusion order, *see id.* ¶¶ 42–43, remain irrelevant. Plaintiff does not allege that either document pertained to the Luxury Sheets. Moreover, the agencies' statements that "[a] representation about thread count . . . must be supported by a 'reasonable basis,'" *id.* ¶ 40, that "consumers could be deceived or misled by the practice of stating an inflated thread count," *id.* ¶ 41, or that some manufacturers previously misrepresented that their thread counts were higher than "per testing performed under the A[ST]M D3775 standard," *id.* ¶ 43, have no bearing here given that Plaintiff has not plausibly alleged how *At Home* purportedly inflates thread counts.

## III. Plaintiff Does Not Sufficiently Allege Actual Damages.

Plaintiff must allege she suffered actual damages to state her ICFA, fraud, negligent misrepresentation, and express warranty claims. "To prevail on a claim under the ICFA," Plaintiff must plead that Defendants' deceptive or unfair conduct "caused actual damages." *Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 311, 322 (7th Cir. 2021) (quotation omitted). Similarly, "a plaintiff must plead actual damages arising from her reliance on a fraudulent statement." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 406 (7th Cir. 2010); *see also United Lab'ys, Inc. v. Savaian*o, 2008 WL 148964, at *3 (N.D. Ill. Jan. 7, 2008) ("One of the elements

necessary to . . . negligent misrepresentation claims is actual damage to the plaintiff . . . ."). And "[t]o state a claim for breach of express warranty under Illinois law, a plaintiff must adequately allege [among other things] . . . damages measured by the terms of the warranty." *Biesterfeld v. Ariosa Diagnostics, Inc.*, 2022 WL 972281, at *5 (N.D. Ill. Mar. 31, 2022).

Plaintiff does not sufficiently allege she suffered the requisite economic injury as a result of At Home's alleged misrepresentations. For example, Plaintiff claims At Home deceived her that she was "purchasing a product of a higher quality, durability, and softness than products of the same or substantially similar blends with lower thread counts." FAC ¶ 10. These assertions are unsupported, as Plaintiff has not alleged "any standard with which to evaluate whether a sheet is of lower quality or whether it is softer or more comfortable to the consumer," "compare[d] their purchases with any other sheets to demonstrate that one is softer or more comfortable than the other as a result of its higher number of threads," "allege[d] that the sheets in question have deteriorated in any way," or "provide[d] any information as to what length of time the sheets in question would be expected to serve their purpose in order to be appropriately long-lasting." *Adam v. AQ Textiles LLC*, 2021 WL 3475677, at *2 (M.D.N.C. Aug. 6, 2021).

Nor does Plaintiff's allegation that she "would not have purchased [the Luxury Sheets], or would have paid a lower price for them, had [she] known the actual thread count at the time of purchase," FAC ¶ 12, suffice to plead an economic injury. This allegation rests on the premise that "consumers regularly pay more for higher thread count sheets." *Id.* ¶ 28. The FAC continues to cite a 20-year-old news article to support this claim, which states that "[a] single-ply 300-count can run about $55 a set, while the 600 thread-count sheet that [the Good Housekeeping Institute] claims is only a 300-count is $180 a set." *Id.* But this article about unidentified sheets does not support the proposition that *this* Plaintiff paid more for the Luxury Sheets she

10

supposedly bought than she would have paid for other sheets with a "true" 1,000 thread count. Plaintiff does not, for instance, compare "the price [she] paid to the prices of any other [similarly] sized sheet set of any thread count." *Adam*, 2021 WL 3475677, at *3. Nor does she "show[] that the prices [she] paid were higher than the price of any comparable product." *Id.* Instead, Plaintiff alleges that At Home charges $5 more for its six-piece, 1,000-thread-count sheet set than it does for its four-piece, 800-thread-count sheet set. FAC ¶ 29 & n.16. But this allegation does not plausibly show that Plaintiff was charged more for a higher thread count, given that she received two additional pillowcases in the sheet set for the additional $5.[5] Indeed, given that the two additional pillowcases likely cost more than $5, if anything this new allegation only undermines the plausibility of Plaintiff's theory of economic injury.

In short, Plaintiff's failure to plead an economy injury requires dismissal of her claims. *See, e.g.*, *Adam*, 2021 WL 3475677, at *3 (dismissing complaint alleging that plaintiffs paid higher prices for sheets with allegedly inflated thread counts than they would have for comparable products with accurate thread counts, because "Plaintiffs fail to allege any facts beyond the blanket assertion that, given the thread count, they should have paid less for these products"); *Hill*, 2021 WL 1026740, at *3 ("Plaintiffs once again fail to allege any facts beyond the blanket assertion that they have overpaid. They decline to compare, for instance, the price

---

[5] *Compare* At Home, *6-Piece Jojoba Yellow 1000 Thread Count Cotton Blend Sheet Set, King*, https://www.athome.com/6-piece-jojoba-yellow-1000-thread-count-cotton-blend-sheet-set-king/124372425.html?dwvar_M124372515_new-bedding-size=AI&nav=search_recent (last visited Jan. 5, 2024) (cited in FAC ¶ 29 n. 16), *with* At Home, *4-Piece White 800 Thread Count Luxury Sheet Set, Queen*, https://www.athome.com/4-piece-white-800-thread-count-luxury-sheet-set-queen/124369387.html (last visited Jan. 5, 2024) (cited in FAC ¶ 29 n. 16). The Court may consider these online listings, which are incorporated by reference into the Complaint. *See supra* n.1.

they paid to the prices of any sheets with a corresponding thread count they deem to be accurate. They likewise decline to compare the price of their sheets to those with a lower thread count."); *Solo v. Bed Bath & Beyond, Inc.*, 2007 WL 1237825, at *3–4 (D.N.J. Apr. 26, 2007) (dismissing complaint where plaintiff "failed to adequately plead the existence of a causal nexus between the alleged misrepresentations [regarding thread counts] and his ascertainable loss").[6]

## IV. Plaintiff's Unjust Enrichment Claim Fails Along with Her Fraud Claims.

"Where the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well." *Ibarolla*, 2012 WL 5381236, at *8 (quotation omitted). Because Plaintiff's fraud claims fail, her unjust enrichment claim, *see* FAC ¶¶ 145–55, must be dismissed as well.

## V. Plaintiff Fails to State a Claim for Breach of Express Warranty.

Plaintiff fails to adequately allege a breach of an express warranty under Illinois law. *See id.* ¶¶ 113–28. *First*, even assuming *arguendo* that the represented thread count constitutes a warranty, Plaintiff has failed to allege that At Home breached it. *See supra* Section II. *Second*, this claim should be dismissed for the independent reason that Plaintiff failed to allege that she brought it "within a reasonable time after [they] discover[ed] or should have discovered any breach." 810 Ill. Comp. Stat. Ann. 5/2-607(3)(a). After At Home raised this issue in its initial Motion to Dismiss, Plaintiff added an allegation to the FAC that she "provided Defendants with written notice of Defendants' breach of the express warranty shortly after Plaintiff discovered the

---

[6] Plaintiff's negligent misrepresentation claim can also be dismissed under the economic loss doctrine, which prohibits recovery in tort solely for economic loss. *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 450 (Ill. 1982) ("The remedy for economic loss, loss relating to a purchaser's disappointed expectations . . . lies in contract."); *Karlinski v. Costco Wholesale Corp.*, 616 F. Supp. 3d 753, 767 (N.D. Ill. 2022) (dismissing negligent misrepresentation claim where "Plaintiff alleges only economic damages").

breach." FAC ¶ 125. But strangely, Plaintiff still does not identify *when* this alleged discovery occurred; the oblique suggestion that it was "shortly" before she sent a letter to At Home does not suffice. *See, e.g.*, *Muir*, 2016 WL 5234596, at *9 (noting that plaintiff's warranty claim could be dismissed for failing to allege "that she provided defendant with notice of the alleged breach within a reasonable time after she discover[ed] or should have discovered [it]" (quotation omitted)); *see also Ratkovich ex rel. Ratkovich v. Smithkline*, 711 F. Supp. 436, 438 (N.D. Ill. 1989) (concluding that, despite plaintiff's allegations that she "gave notice to [defendant] immediately prior to filing suit and immediately upon plaintiff's parents realizing that the drug at issue caused the injury," plaintiff nevertheless failed to allege "that she notified [defendant] of its breach within a reasonable time," in part because she "failed to allege the date the breach occurred").

## VI.    Plaintiff's Request for Injunctive Relief Should Be Denied.

Plaintiff continues to seek injunctive relief. *See* FAC ¶¶ 86, 112, & Prayer for Relief ¶ 3. But Plaintiff "lacks standing to seek injunctive relief because she does not have a likelihood of *future injury*." *Calderon v. Procter & Gamble Co.*, --- F. Supp. 3d ---, 2023 WL 3627797, at *6 (N.D. Ill. May 24, 2023) (emphasis in original). "[S]he is now aware of [At Home's] alleged deceptive practices," and she "fails to provide a concrete basis to conclude that the plaintiff[] will or must purchase the product again in the future and be deceived." *Id.* (quotation omitted); *see also Camasta*, 761 F.3d at 741 ("Since Camasta is now aware of [defendant's] sales practices, he is not likely to be harmed by the practices in the future. Without more than the speculative claim that he will again be harmed by [defendant], Camasta is not entitled to injunctive relief."). Plaintiff also cannot seek injunctive relief because she does not allege that legal damages— compensating her for the amount she allegedly overpaid for the sheets—are inadequate. *See Hawes v. Macy's Stores W. Inc.*, 2022 WL 815298, at *5 (S.D. Ohio Mar. 16, 2022) (dismissing

request for injunctive relief "[b]ecause Plaintiff has failed to allege or show the inadequacy of legal damages"). Plaintiff's demand for injunctive relief should be denied.

## CONCLUSION

This Court should grant At Home's motion and dismiss the FAC with prejudice.

Dated: January 5, 2024

Respectfully Submitted,

By: */s/ Daniel L. Stanner*

Daniel L. Stanner
TABET DIVITO & ROTHSTEIN
209 S. LaSalle St., 7th Floor
Chicago, IL 60604
Direct: (312) 762-9461
dstanner@tdrlaw.com

Cortlin H. Lannin (admitted *pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Direct: (415) 591-7078
clannin@cov.com

Stephen M. Rees
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Direct: (202) 662-5262
srees@cov.com

*Attorneys for Defendants At Home Group Inc., At Home Stores LLC, and At Home Procurement Inc.*

## CERTIFICATE OF SERVICE

I certify that on January 5, 2024, I electronically filed the foregoing **MOTION OF DEFENDANTS AT HOME GROUP INC., AT HOME STORES LLC, AND AT HOME PROCUREMENT INC.'S TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT & MEMORANDUM OF LAW** using this Court's CM/ECF service. All counsel of record will be served via the Court's CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*/s/ Daniel L. Stanner*

16